IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



KEVIN E. FRAZIER,

    Petitioner,

v.                                                                         Civil Action No. **3:16CV933**

ERIC WILSON,

    Respondent.

## MEMORANDUM OPINION

Kevin E. Frazier, a federal inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1.) Frazier contends that the Bureau of Prisons ("BOP") has improperly calculated his federal sentence. (*Id.* at 6–7.)[1] Specifically, Frazier states:

Claim One:[2]   "Petitioner believes he is entitled to presentence credit pursuant to the limited exceptions outlined in BOP's Program Statement 5880.28 and pursuant to decisions held in *Willis v. U.S.*, 438 F.2d 923 (5th Cir. 1971) and *Kayfez v. Casele*, 993 F.2d 1288 (7th Cir. 1993)." (§ 2241 Pet. 6.)

Claim Two:   "Petitioner objects to there being a requirement outlined in BOP's Program Statement 5880.28 which requires both sentencing court's []non-federal and federal to order concurrent sentencing for [an] inmate to be awarded presentence credit under BOP's Program Statement 5880.28 policy." (*Id.* at 7.)

Claim Three:   "Petitioner believes he is entitled to the same equal rights and treatment which were granted to Thomas Wilson . . . another federal prisoner within the BOP." (*Id.*)

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to Frazier's submissions. The Court also corrects the spelling, emphasis, punctuation, and capitalization in the quotations from Frazier's submissions.

[2] Although Frazier has listed four grounds for relief in his § 2241 Petition, grounds one and four are identical. (*See* § 2241 Pet. 6, 8.)

Respondent has submitted a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment ("Motion for Summary Judgment," ECF No. 6). However, Respondent's Motion for Summary Judgment did not address Frazier's Claims Two and Three. Accordingly, by Memorandum Order entered November 16, 2017, the Court directed Respondent to respond to Frazier's Claims Two and Three. (ECF No. 14.) On November 29, 2017, the Court received from Respondent additional briefing addressing Frazier's Claims Two and Three. (ECF No. 15.) Frazier received a *Roseboro*[3] notice and he filed a Response to the Motion for Summary Judgment (ECF Nos. 9, 10), and a Response to Respondent's additional briefing. (ECF No. 16.) Frazier has also submitted a Motion for Leave to Supplement his § 2241 Petition ("Motion to Supplement," ECF Nos. 17, 18). For the reasons that follow, Respondent's Motion for Summary Judgment (ECF No. 6) will be DENIED WITHOUT PREJUDICE. Frazier's Motion to Supplement (ECF Nos. 17, 18) will be GRANTED.

## I. Frazier's Federal and State Sentences

### A.   Frazier's 2003 Pennsylvania Sentence

On August 25, 2003, Frazier was paroled from a Pennsylvania state sentence ("2003 Pennsylvania Sentence"). (Williams Decl. ¶ 4.)[4] While still on parole, on January 4, 2005, Frazier was arrested by the Philadelphia Police Department "in connection with multiple armed robberies." (*Id.* ¶ 5.) On May 24, 2005, Frazier's parole was revoked in connection with his 2003 Pennsylvania Sentence. (*Id.* ¶ 15.) Frazier received custody credit back to January 4, 2005 towards his 2003 Pennsylvania Sentence. (*Id.* ¶ 15; *id.* Attach. 5, at 2.) Thus, between January

---

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[4] In support of his Motion for Summary Judgment, Respondent submitted a Declaration of Ronald Williams, Management Analyst at BOP's Designation and Sentence Computation Center in Grand Prairie, Texas ("Williams Decl.," ECF No. 7-1), and several exhibits used by the BOP to calculate Frazier's sentence. (*Id.* Attach. 1–8, ECF Nos. 7-2 through 8). The Court employs the pagination assigned by the CM/ECF docketing system to Respondent's exhibits.

4, 2005 and May 24, 2005, Frazier was serving his 2003 Pennsylvania Sentence.

### B. Frazier's Federal Sentence

Frazier was then indicted on October 25, 2005 in the U.S. District Court for the Eastern District of Pennsylvania with conspiracy to interfere and interference with interstate commerce by robbery, aiding and abetting, and using and carrying a firearm during a crime of violence. (Williams Decl. ¶ 6 (citation omitted).) On November 15, 2005, Frazier was taken from the Commonwealth of Pennsylvania and placed into federal custody pursuant to a writ of habeas corpus ad prosequendum. (*Id.* ¶ 7.) Pursuant to a written plea agreement, Frazier was sentenced for the federal charges to a 120-month term of imprisonment on March 22, 2007. (*Id.* ¶¶ 9, 10 (citation omitted).) Frazier's federal judgment was silent as to any state sentence. (*Id.* Attach. 1, at 2–7.)

### C. Frazier's 2007 Pennsylvania Sentence

On March 28, 2007, Frazier was returned to Pennsylvania authorities. (Williams Decl. ¶ 11; *id.* Attach 2, at 3.) The U.S. Marshals lodged a federal detainer with the Pennsylvania Department of Corrections "for Frazier's federal sentence to be served after Pennsylvania authorities disposed of Frazier's state cases." (Williams Decl. ¶ 11.) On May 14, 2007, Frazier pled guilty in the Philadelphia Court of Common Pleas to robbery inflicting serious bodily injury and was sentenced to 5–10 years of imprisonment. (*Id.* ¶ 12; *id.* Attach. 3, at 2.) The Pennsylvania sentencing judge ordered that Frazier's robbery sentence run concurrent with "any state or federal sentence serving" ("2007 Pennsylvania Sentence"). (Williams Decl. Attach. 3, at 2; *id.* ¶ 12.) Thus, between May 14, 2007 and December 5, 2011, Frazier concurrently served both the 2003 Pennsylvania Sentence and the 2007 Pennsylvania Sentence.

On December 5, 2011, Frazier "was paroled from his Pennsylvania sentence[s] to the federal detainer to serve his 120-month sentence." (Williams Decl. ¶ 13.) Frazier has remained

in the BOP's custody since that date. (*Id.*)

## II. *Kayfez* and *Willis* Credits

At the crux of Frazier's § 2241 Petition is his request that the BOP grant him what are known as *Kayfez* and *Willis* credits. (*See* § 2241 Pet. 6–7.) *Kayfez* and *Willis* credits are exceptions to the general rule against "awarding credit for presentence time served against one sentence if that time already has been credited against another sentence." *Spor v. Warden*, No. 1:16–05310, 2017 WL 1078188, at *5 (S.D. W. Va. Jan. 25, 2017) (quoting *United States v. Mojabi*, 161 F. Supp. 2d 33, 36 (D. Mass. 2001)), *adopted by*, No. CV 1:16–05310, 2017 WL 1058986 (S.D. W. Va. Mar. 20, 2017). Frazier contends that he meets the qualifications for *Kayfez* or *Willis* credits as outlined in BOP Program Statement 5880.28.

Title 18 Section 3585 governs the BOP's calculation of a federal prisoner's sentence. *United States v. Wilson*, 503 U.S. 329, 331–32 (1992). Specifically, 18 U.S.C. § 3585(b) states,

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b). The Supreme Court has held that 18 U.S.C. § 3585(b) prohibits double-crediting, i.e. awarding credit for presentence time already credited against another sentence. *Wilson*, 503 U.S. at 337. However, notwithstanding 18 U.S.C. § 3585(b),

> the Fifth and Seventh Circuits indicated that a petitioner was entitled to time spent in *presentence* State custody that was attributable to the federal offense even if the petitioner was given credit on his State sentence for that period of time. *See Kayfez v. Gasele*, 993 F.2d 1288, 1290 (7th Cir. 1993) (even though defendant received state credit for his presentence custody, the court found defendant was entitled to credit against his federal sentence for all his presentence incarceration because defendant's sentences were concurrent and crediting only the state sentence would not reduce defendant's actual imprisonment); *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971) (reasoning that even though the State

4

gave petitioner credit for his presentence custody, petitioner did not receive a benefit because his State sentence expired before his federal sentence).

*Spor*, 2017 WL 1078188, at *5. BOP Program Statement 5880.28 attempts to codify the rules announced in *Kayfez* and *Willis*. *See Lemons v. Quintana*, No. 08–87 Erie, 2010 WL 4388066, at *9 n.12 (W.D. Pa. Oct. 29, 2010).

Pursuant to *Kayfez* and Program Statement 5880.28, the BOP may grant prior custody credit, even if it results in a double credit toward a state sentence, when three conditions are met:

> [(1)] the **non-federal and federal sentences are concurrent**, [(2)] the Raw EFT[5] of the non-federal term is greater than the Raw EFT of the federal term, and . . . [(3)] the non-federal Raw EFT, after application of the **qualified** non-federal presentence time, is reduced to a date that is earlier than the federal Raw EFT . . . .

Program Statement 5880.28, P. 1-22B through 1-22C.

Pursuant to *Willis* and Program Statement 5880.28, the BOP may grant prior custody credit when "[(1)] the federal and non-federal terms are concurrent[,] and [(2)] the Raw EFT of the non-federal term is equal to or less than Raw EFT of the federal sentence." *Id.* P. 1-22.

### III. Frazier's Claims and Respondent's Motion for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the

---

[5] "Raw EFT" refers to the "raw effective full term" of a sentence. *Spor*, 2017 WL 1078188, at *5. BOP Program Statement 5880.28 explains that,

> The Raw EFT for both a federal and non-federal sentence is determined by adding the total length of the sentence to be served to the beginning date of the sentence resulting in a full term date of sentence (Raw EFT) that does not include any time credit, e.g., presentence or prior custody time or good time.

Program Statement 5880.28 P. 1-14.

absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### A. Frazier's Claim One

In Frazier's Claim One, he asserts he is entitled to *Kayfez* and *Willis* credits for the time he spent in presentence, state custody. (§ 2241 Pet. 6.) Specifically, Frazier alleges that he "is entitled to pre-sentence credit towards his federal sentence for the period[] of January 4, 2005 to May 14, 2007, time in which he spent in pre-sentencing custody." (Resp. 1, ECF No. 10.)[6]

As explained above, Program Statement 5880.28 states that the first requirement for *Willis* credits is that an inmate's "federal and non-federal terms are concurrent." Program Statement 5880.28, P. 1-22. The Program Statement also limits *Kayfez* credits to instances where an inmate's "non-federal and federal sentences are concurrent." *Id.* P. 1-22B.

In its Motion for Summary Judgment, Respondent asserts that Frazier is not entitled to *Kayfez* and *Willis* credits because, in order to qualify for such credits under Program Statement 5880.28, Frazier's *federal* sentencing judge must have ordered that his federal sentence run concurrent with his state sentence. (Mem. Supp. Mot. Summ. J. 10–11, ECF No. 7.)

However, the record before the Court undermines Respondent's position. First, Program Statement 5880.28 includes examples of how to calculate *Kayfez* and *Willis* credits when only a state sentence has been ordered to run concurrent with a federal sentence. *See* Program Statement 5880.28 P. 1-22A; *id.* P. 1-23. Second, as explained in greater detail below, Frazier has submitted as an exhibit an administrative appeal received by another inmate at FCC Petersburg wherein the BOP explains that it has credited this inmate's federal sentence with

---

[6] As discussed previously, Frazier was arrested by Pennsylvania authorities on January 4, 2005 "in connection with multiple armed robberies." (Williams Decl. ¶ 5.) On May 14, 2007, Frazier pled guilty in the Philadelphia Court of Common Pleas to robbery inflicting serious bodily injury and was sentenced to 5–10 years of imprisonment. (*Id.* ¶ 12; *id.* Attach. 3, at 1.)

6

*Willis* credits. (Mem. Supp. § 2241 Pet. Ex. E, ECF No. 2-5.) The administrative appeal details that the inmate was awarded such credits because North Carolina ordered that his state sentence run concurrent with his federal sentence. (*Id.* at 2.) Finally, Frazier has also submitted as an exhibit what appears to be a partial copy of a case out of the Western District of Pennsylvania, *Rashid v. Quintana*, No. C.A. 08-107 Erie, 2009 WL 3271214, at *6 (W.D. Pa. Oct. 9, 2009), *aff'd*, 372 F. App'x 260 (3d Cir. 2010). (*Id.* Ex. F, ECF No. 2-6.) In *Rashid*, it appears that the BOP took the opposite position of what it does in Frazier's case: that is, the BOP argued that Rashid had met *Kayfez*'s requirement that his federal and non-federal sentences run concurrent where only his state sentence was ordered to run concurrent with his federal sentence. *Id.* at *2, *6.

Nonetheless, a review of the record persuades this Court that Frazier likely does not qualify for *Kayfez* and *Willis* credits because he was not in *presentence* custody from January 4, 2005 to May 14, 2007. Rather, when Frazier was arrested on January 4, 2005, he was on parole in connection with his 2003 Pennsylvania Sentence. *See Samson v. California*, 547 U.S. 843, 850 (2006) ("[P]arole is an established variation on imprisonment of convicted criminals." (quoting *Morrissey v. Brewer*, 408 U.S. 471, 477 (1972))). Thereafter, Frazier's parole was revoked and he received custody credit towards his 2003 Pennsylvania Sentence back to January 4, 2005. (Williams Decl. Attach 5, at 1.) Then, on May 14, 2007, Frazier pled guilty in the Philadelphia Court of Common Pleas to robbery inflicting serious bodily injury and was sentenced to 5–10 years of imprisonment. (*Id.* ¶ 12; *id.* Attach. 3, at 1.) The Pennsylvania court ordered that Frazier's 2007 Pennsylvania Sentence run concurrent with "any state or federal sentence serving." (*Id.* Attach. 3, at 1.) Pennsylvania authorities credited Frazier's 2007 Pennsylvania Sentence with time beginning on January 7, 2005. (*Id.* Attach. 3, at 1.) It therefore appears to this Court that Frazier actually received double-credit towards his 2003 and 2007

7

Pennsylvania Sentences for the time he spent in custody from January 7, 2005[7] to December 5, 2011—when he was paroled from Pennsylvania authorities to the custody of the BOP.

However, for the reasons stated above, the record before the Court is inadequate for the Court to definitively rule whether the BOP has properly calculated Frazier's sentence and whether it has properly denied him *Kayfez* and *Willis* credits. Therefore, Respondent's Motion for Summary Judgment will be DENIED WITHOUT PREJUDICE as to Claim One. Nevertheless, the Court will GRANT Respondent leave to refile a renewed motion for summary judgment within forty-five (45) days of the date of entry hereof. *See* E.D. Va. Loc. Civ. R. 56(c). In the renewed motion for summary judgment, Respondent must address the following:

(a) How the period between January 4, 2005 and May 14, 2007 constitutes presentence custody.
(b) The effect of the examples provided in BOP Program Statement 5880.28 wherein the BOP demonstrates how to calculate *Kayfez* and *Willis* credit when only a state sentence has ordered that it run concurrent with a federal sentence. *See* Program Statement 5880.28 P. 1-22A; *id.* P. 1-23.
(c) Frazier's submission of an administrative appeal wherein another inmate received *Willis* credit although it was only his state sentence that ordered it run concurrent with his federal sentence. (*See* Mem. Supp. § 2241 Pet. Ex. E.)
(d) The BOP's position in *Rashid v. Quintana*, No. C.A. 08–107 Erie, 2009 WL 3271214, at *6 (W.D. Pa. Oct. 9, 2009), *aff'd*, 372 F. App'x 260 (3d Cir. 2010), wherein the BOP argued that the federal inmate had met the first prong of the *Kayfez* test where only his state sentence ordered that it run concurrent to his federal sentence.

B. Frazier's Claim Two

In Frazier's Claim Two, he "objects to there being a requirement outlined in BOP's Program Statement 5880.28 which requires both sentencing court's []non-federal and federal to order concurrent sentencing for [an] inmate to be awarded presentence credit under BOP's Program Statement 5880.28 policy." (§ 2241 Pet. 7.)

---

[7] Frazier's parole for his 2003 Pennsylvania sentence was revoked on May 24, 2005 and he received credit back to January 4, 2005. (Williams Decl. ¶ 15; *id.* Attach. 5, at 1.)

Respondent moved for summary judgment on the ground that BOP Program Statement 5880.28 is entitled to *Chevron* deference. (ECF No. 15, at 5.) However, the United States Court of Appeals for the Fourth Circuit has made clear "that BOP program statements are not the sort of agency interpretations that can give rise to *Chevron* deference." *Hogge v. Wilson*, 648 F. App'x 327, 330 (4th Cir. 2016) (citations omitted). Rather, the Fourth Circuit instructs that BOP Program Statements which calculate a federal inmate's sentence are "worthy of our respect under the *Skidmore*-deference framework. . . . [A Court] therefore will defer to the BOP's method [of calculation] 'to the extent it has the 'power to persuade.'" *Id.* (quoting *Knox Creek Coal Corp. v. Sec'y of Labor, Mine Safety & Health Admin.*, 811 F.3d 148, 160 (4th Cir. 2016)).

As Respondent did not articulate the correct standard for evaluating BOP Program Statements, Respondent has not argued why Program Statement 5880.28 and its various requirements for *Kayfez* and *Willis* credits should persuade this Court to find in his favor. Therefore, Respondent's current Motion for Summary Judgment will be DENIED WITHOUT PREJUDICE as to Frazier's Claim Two. Nevertheless, the Court will GRANT Respondent leave to refile his Motion for Summary Judgment and address the appropriate standard for evaluating BOP Program Statement 5880.28 within forty-five (45) days of the date of entry hereof. *See* E.D. Va. Loc. Civ. R. 56(c).

### C. Frazier's Claim Three

In Frazier's Claim Three, he that alleges he has been denied equal protection of the law under the Fifth Amendment. (§ 2241 Pet. 7.) Specifically, Frazier contends that a similarly situated inmate received *Willis* credits which the BOP is now improperly denying him. (*See id.*) Frazier has submitted as an exhibit an administrative appeal received by this other inmate ("inmate Wilson"), wherein the BOP explains that it granted inmate Wilson *Willis* credit because his "state sentences were running concurrently to the federal sentence" even though his federal

sentence was silent as to whether it should run concurrent with his North Carolina sentence(s). (Mem. Supp. § 2241 Pet. Ex. E at 1–2, ECF No. 2–5.)

The Equal Protection Clause of the Fourteenth Amendment commands that similarly situated persons be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To prevail on such a claim, Frazier must demonstrate: (1) "that he has been treated differently from others with whom he is similarly situated"; and, (2) that the differing treatment resulted from intentional discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).

> In its Motion for Summary Judgment, Respondent argues that Frazier
>
> has not—and indeed, cannot—make a showing that he is similarly situated with inmate Wilson. In the most material and critical respect is [Frazier] and inmate Wilson *dissimilarly* situated: inmate Wilson's state and federal sentences are concurrent, rendering him eligible for presentence *Willis* and *Kayfez* credits while [Frazier's] sentences are not concurrent, making him ineligible for those narrowly applied credits.

(ECF No. 15, at 6–7.)

As explained above, Respondent has taken the position in Frazier's Claim One that in order to qualify for *Kayfez* and *Willis* credits, Frazier's *federal* sentence must have ordered that it run concurrent with his state sentence. (Mem. Supp. Mot. Summ. J. 10–11.) But Respondent does not articulate why inmate Wilson's state and federal sentences are concurrent and Frazier's is not when only inmate Wilson's state sentence ordered that his sentences run concurrent. (*See* Mem. Supp. § 2241 Pet. Ex. E 1–2.)

A review of Frazier's exhibit details that inmate Wilson was arrested by North Carolina authorities before he was temporarily received in federal custody pursuant to a writ of habeas corpus ad prosequendum. (*Id.* Ex. E, at 1.) While in temporary federal custody, some of inmate Wilson's North Carolina charges were dismissed and he was in the exclusive custody of federal

10

authorities when he was sentenced on his federal charges. (*Id.*) Subsequently, and while still in federal custody, inmate Wilson was sentenced on additional state charges and his state sentence ordered that it run concurrent with his federal sentence. (*Id.*)

As stated above, the Court reasons that Frazier likely does not qualify for *Kayfez* and *Willis* credit because he was not in presentence custody prior to the imposition of his federal sentence; rather, Frazier was arrested while on parole and received credit back to the time of his arrest towards his underlying 2003 Pennsylvania Sentence. The Court therefore further reasons that Frazier and inmate Wilson are dissimilar because inmate Wilson *was* in presentence custody. That is, inmate Wilson was in custody of North Carolina authorities *before* the imposition of any sentence, unlike Frazier who was on parole for a state sentence when he was arrested.

At this juncture, Respondent has the burden to explain why the record before the Court demonstrates his entitlement to summary judgment. *See* Fed. R. Civ. P. 54(c)(1)(A). Respondent has failed to meet this burden. Accordingly, Respondent's current Motion for Summary Judgment will be DENIED WITHOUT PREJUDICE as to Frazier's Claim Three. Nevertheless, the Court will GRANT Respondent leave to refile his motion for summary within forty-five (45) days of the date of entry hereof. *See* E.D. Va. Loc. Civ. R. 56(c). In the renewed motion for summary judgment, Respondent must address Frazier's submission of inmate Wilson's administrative appeal wherein he was granted *Willis* credit. (*See* Mem. Supp. § 2241 Pet. Ex. E.)

### IV. Frazier's Motion to Supplement

On January 2, 2018, the Court received from Frazier a Motion for Leave to Supplement his § 2241 Petition ("Motion to Supplement," ECF Nos. 17, 18) wherein he requests the addition of a fourth claim to his § 2241 Petition. Specifically, Frazier argues he is entitled to custody credit from April 9, 2010 through December 5, 2011 because the BOP has improperly considered

11

December 5, 2011 as the date he was paroled from his Pennsylvania sentence(s) to the U.S. Marshals, rather than April 9, 2010. (Mem. Supp. Mot. Supp. 2, ECF No. 19.)

The pertinent statute provides that habeas applications "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings and provides leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

In the interests of justice, Frazier's Motion to Supplement (ECF Nos. 17, 18) will be GRANTED and his § 2241 Petition will be SUPPLEMENTED with the following claim:

> Claim Four: Frazier is entitled to custody credit from April 9, 2010 through December 5, 2011 because the BOP has improperly considered December 5, 2011 as the date he was paroled from his Pennsylvania sentence(s) to the U.S. Marshals rather than April 9, 2010. (Mem. Supp. Mot. Supp. 2.)

Respondent is DIRECTED to respond to Frazier's Claim Four in its future motion or response.

## V. Conclusion

For the foregoing reasons, Respondent's Motion for Summary Judgment (ECF No. 6) will be DENIED WITHOUT PREJUDICE. Frazier's Motion to Supplement (ECF Nos. 17, 18) will be GRANTED and Frazier's § 2241 Petition will be SUPPLEMENTED. Any party wishing to file a renewed motion for summary judgment must do so within forty-five (45) days of the date of entry hereof.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to Frazier and counsel for Respondent.

It is so ORDERED.

Date: 2/1/18
Richmond, Virginia

/s/ /K/.
John A. Gibney, Jr.
United States District Judge