IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



KEVIN E. FRAZIER,

    Petitioner,

v.                                                                                     Civil Action No. 3:16CV933

ERIC WILSON,

    Respondent.

## MEMORANDUM OPINION

Kevin E. Frazier, a federal inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2241 (hereinafter "§ 2241 Petition," ECF No. 1.) Frazier contends that the Bureau of Prisons ("BOP") has improperly calculated his federal sentence. By Memorandum Opinion and Order entered on February 1, 2018, the Court denied without prejudice Respondent's motion for summary judgment and granted Frazier's motion to supplement. (ECF Nos. 20–21.) Frazier has submitted another Motion to Supplement, wherein he seeks to add additional argument in support of his § 2241 Petition. (ECF No. 26.) Frazier's Motion to Supplement (ECF No. 26) will be GRANTED.

The matter is now before the Court on Respondent's Renewed Motion for Summary Judgment ("Renewed Motion for Summary Judgment," ECF No. 28). Frazier has also submitted a Motion for Summary Judgment (ECF No. 24), and has responded to Respondent's Renewed Motion for Summary Judgment. (ECF No. 30.) The matter is ripe for disposition.

In his § 2241 Petition and Memorandum in Support of his Motion to Supplement (ECF No. 19), Frazier argues he is entitled to relief based upon the following claims:[1]

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to Frazier's submissions. Further, the Court corrects the spelling and capitalization in the quotations from Frazier's submissions.

Claim One: "Petitioner believes he is entitled to presentence credit pursuant to the limited exceptions outlined in BOP's Program Statement 588.28 and pursuant to decisions held in *Willis v. U.S.*[,] 438 F.2d 923 (5th Cir. 1971) and *Kayfez v. Casele*, 993 F.2d 1288 (7th Cir. 1993)." (§ 2241 Pet. 6.)

Claim Two: "Petitioner object[s] to there being a requirement outlined in BOP's Program Statement 5880.28 which requires both sentencing Court's []non[-]federal and federal to order concurrent sentencing for [an] inmate to be awarded presentence credit under BOP's Program Statement 5880.28 policy." (*Id.* at 7.)

Claim Three: "Petitioner believes he is entitled to the same equal rights and treatment which were granted to Thomas Wilson . . . another federal prisoner within the BOP." (*Id.*)

Claim Four: Frazier is entitled to custody credit from April 9, 2010 through December 5, 2011 because the BOP has improperly considered December 5, 2011 as the date he was paroled from his Pennsylvania sentence(s) to the U.S. Marshals rather than April 9, 2010. (Mem. Supp. Mot. Supp. 2.)

For the reasons that follow, Respondent's Renewed Motion for Summary Judgment (ECF No. 28) will be GRANTED, and Frazier's Motion for Summary Judgment (ECF No. 24) will be DENIED.

## I. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the Court of the basis for the motion, and to identify the parts of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation

marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of his Renewed Motion for Summary Judgment, Respondent submits: (1) the Declaration of Dawn L. Giddings, Correctional Programs Specialist at the Department of Justice's Designation and Sentence Computation Center ("DSCC") in Grande Prairie, Texas ("Giddings Decl.," ECF No. 29–1); (2) a copy of the Pennsylvania Department of Corrections' Moves Report for Frazier (*id.* Attach. 1, ECF No. 29–2); and, (3) a copy of Frazier's Order to Release on Parole/Reparole issued by the Pennsylvania Board of Probation and Parole. (*Id.* Attach. 2, ECF No. 29–3.)

3

In support of his prior motion for summary judgment, Respondent submitted: (1) the Declaration of Ronald Williams, Management Analyst at BOP's DSCC in Grand Prairie, Texas ("Williams Decl.," ECF No. 7-1); (2) a copy of Frazier's Judgment & Commitment Order (*id.* Attach. 1, ECF No. 7-2); (3) records relating to Frazier's federal and state detentions (*id.* Attach. 2, ECF No. 7-3); (4) a copy of Frazier's Pennsylvania Commitment Order (*id.* Attach. 3, ECF No. 7-4); (5) records relating to the BOP's calculation of Frazier's federal sentence (*id.* Attach. 4, ECF No. 7-5); (6) a copy of DSCC's explanation of Frazier's federal sentence (*id.* Attach. 5, ECF No. 7-6); (7) a copy of Frazier's 18 U.S.C. § 3621(b) Worksheet (*id.* Attach. 6, ECF No. 7-7); (8) a copy of a letter from the DSCC to the Honorable Paul S. Diamond, United States District Judge for the Eastern District of Pennsylvania (*id.* Attach. 7, ECF No. 7-8); and, (9) a copy of a letter from DSCC to Frazier denying him a *nunc pro tunc* designation. (*Id.* Attach. 8, ECF No. 7-9.)

Frazier signed his § 2241 Petition under penalty of perjury (§ 2241 Pet. 9), and previously submitted his own Declaration ("Frazier Decl.," ECF No. 12). Further, Frazier submitted exhibits with his Memorandum in Support of his § 2241 Petition. (ECF Nos. 2-1 through 2-7.) The Court will consider these submissions in determining the propriety of the Renewed Motion for Summary Judgment. *See* Fed. R. Civ. P. 56(c). Finally, Frazier has submitted numerous other filings and memoranda at various stages of this litigation. (*See* ECF Nos. 2, 9, 10, 19, 22, 23, 25, 27, 30.)[2] Although these submissions fail to constitute admissible evidence, the Court considers Frazier's arguments his support of his position.

---

[2] Frazier has also filed a "Sworn Statements" wherein he declares under penalty of perjury that his "foregoing petition which [he] filed objecting to respondent's motion to dismiss" contains "facts as stated are true; correct to the best of [his] knowledge and sincere beliefs." (ECF No. 11.) Notably, for summary judgment purposes "an affidavit or declaration used to support or oppose a motion must be made on *personal* knowledge." Fed. R. Civ. P. 56(c)(4) (emphasis added). Thus, Frazier's "Sworn Statements," made on "knowledge" alone, appear

In light of the foregoing principles and submissions, the following facts are established for purposes of Respondent's Renewed Motion for Summary Judgment. The Court draws all permissible inferences in favor of Frazier.

## II. Summary of Pertinent Facts

### A. Frazier's 2003 Pennsylvania Sentence

On August 25, 2003, Frazier was serving a Pennsylvania state sentence ("2003 Pennsylvania Sentence") and was sent by the Pennsylvania Department of Corrections to a community corrections center.[3] (Williams Decl. ¶ 4.) While on parole for his 2003 Pennsylvania Sentence, on January 4, 2005, Frazier was arrested by the Philadelphia Police Department "in connection with multiple armed robberies." (*Id.* ¶ 5.) On May 24, 2005, Frazier's parole was revoked in connection with his 2003 Pennsylvania Sentence. (*Id.* ¶ 15.) Frazier received custody credit back to January 4, 2005 towards his 2003 Pennsylvania Sentence. (*Id.* ¶ 15; *id.* Attach. 5, at 2.) Thus, between January 4, 2005 and May 24, 2005, Frazier was serving his 2003 Pennsylvania Sentence.

---

inadmissible. *See Etienne v. Ameri Benz Auto Serv. LLC*, No. PWG–14–2800, 2016 WL 1222569, at *3 (D. Md. Mar. 29, 2016). Nonetheless, as stated above, the Court will consider Frazier's various arguments.

[3] In his Declaration, Williams avers that "on August 25, 2003, Frazier was paroled from a Pennsylvania state sentence to a community corrections center." (Williams Decl. ¶ 4.) However, Frazier claims that he was actually "paroled from his Pennsylvania sentence in July of 2004. Frazier[] was transferred to a community based correctional center to continue service of his Pennsylvania Sentence on August 25, 2003." (ECF No. 27, at 2.) Whether Frazier was paroled when he entered the correctional center is unclear. *See Asquith v. Dep't of Corr.*, 186 F.3d 407, 411 (3d Cir. 1999) (explaining that placement in a halfway house amounts to "institutional confinement" when significant restrictions are placed on the freedom of its residents). However, for purposes of this Memorandum Opinion, it is irrelevant whether Frazier was actually paroled on August 25, 2003. Frazier acknowledges that, at the very latest, he was on parole for his 2003 Pennsylvania Sentence in July 2004. As the subsequent events of which Frazier complains occurred after July 2004, whether Frazier was paroled on August 25, 2003 is immaterial.

### B. Frazier's Federal Sentence

Frazier was then indicted on October 25, 2005 in the U.S. District Court for the Eastern District of Pennsylvania with conspiracy to interfere and interference with interstate commerce by robbery, aiding and abetting, and using and carrying a firearm during a crime of violence. (Williams Decl. ¶ 6 (citation omitted).) On November 15, 2005, Frazier was taken from the Commonwealth of Pennsylvania and placed into federal custody pursuant to a writ of habeas corpus ad prosequendum. (*Id.* ¶ 7.) Pursuant to a written plea agreement, Frazier was sentenced for the federal charges to a 120-month term of imprisonment on March 22, 2007. (*Id.* ¶¶ 9, 10 (citation omitted).) Frazier's federal judgment was silent as to any state sentence. (*Id.* Attach. 1, at 2–7.)

### C. Frazier's 2007 Pennsylvania Sentence

On March 28, 2007, Frazier was returned to Pennsylvania authorities. (Williams Decl. ¶ 11; *id.* Attach 2, at 3.) The U.S. Marshals lodged a federal detainer with the Pennsylvania Department of Corrections "for Frazier's federal sentence to be served after Pennsylvania authorities disposed of Frazier's state cases." (Williams Decl. ¶ 11.) On May 14, 2007, Frazier pled guilty in the Philadelphia Court of Common Pleas to robbery inflicting serious bodily injury and was sentenced to 5–10 years of imprisonment. (*Id.* ¶ 12; *id.* Attach. 3, at 2.) The Pennsylvania sentencing judge ordered that Frazier's robbery sentence run concurrent with "any state or federal sentence serving" ("2007 Pennsylvania Sentence"). (Williams Decl. Attach. 3, at 2; *id.* ¶ 12.) Frazier received credit for his 2003 Pennsylvania Sentence and 2007 Pennsylvania Sentence back to January 7, 2005. (Williams Decl. ¶ 15; *id.* Attach. 5, at 2.)

On December 5, 2011, Frazier "was paroled from his Pennsylvania sentence[s] to the federal detainer to serve his 120-month sentence." (Williams Decl. ¶ 13; *id.* Attach. 4, at 2; *id.*

Attach. 5) Frazier has remained in the BOP's custody since that date. (Williams Decl. ¶ 13.) Thus, between January 7, 2005 and December 5, 2011, Frazier concurrently served both the 2003 Pennsylvania Sentence and the 2007 Pennsylvania Sentence.[4]

### III. Analysis

#### A. *Kayfez* and *Willis* Credits

At the crux of Frazier's § 2241 Petition is his request that the BOP grant him what are known as *Kayfez* and *Willis* credits. (*See* § 2241 Pet. 6–7.) *Kayfez* and *Willis* credits are exceptions to the general rule against "awarding credit for presentence time served against one sentence if that time already has been credited against another sentence." *Spor v. Warden*, No. 1:16–05310, 2017 WL 1078188, at *5 (S.D. W. Va. Jan. 25, 2017) (quoting *United States v. Mojabi*, 161 F. Supp. 2d 33, 36 (D. Mass. 2001)), *adopted by*, No. CV 1:16–05310, 2017 WL 1058986 (S.D. W. Va. Mar. 20, 2017). Frazier contends that he meets the qualifications for *Kayfez* or *Willis* credits as outlined in BOP Program Statement 5880.28.

Title 18 Section 3585 governs the BOP's calculation of a federal prisoner's sentence. *United States v. Wilson*, 503 U.S. 329, 331–32 (1992). Specifically, 18 U.S.C. § 3585(b) states,

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

---

[4] Frazier argues that it is "false" that he "served his new state sentence concurrently with [his] revocation sentence." (ECF No. 30, at 8; *see* ECF No. 27, at 2.) Frazier alleges that a document submitted to the Court with the Respondent's Renewed Motion for Summary Judgment "clearly shows Frazier never served a parole sentence during the period of [June 15, 2004] through [May 30, 2007]." (ECF No. 30, at 8–9.) The document that Frazier references is a print-out of the Pennsylvania Department of Correction's Moves Report for Frazier that details that on June 15, 2004, Frazier was "Paroled from CCC." (Giddings Decl. Attach. 1, at 2, ECF No. 29-2.) The Moves Report also details that on May 30, 2007, Frazier's "Parole Status" was "Parole Violator Pend." (*Id.*) It is unclear why Frazier believes that this document establishes that he was not serving his 2003 and 2007 Pennsylvania Sentences concurrently between the period of January 7, 2005 and May 30, 2007. As detailed herein, the Court concludes that between January 7, 2005 and May 30, 2007, Frazier was serving both his 2003 and 2007 Pennsylvania Sentences.

7

(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

18 U.S.C. § 3585(b). The Supreme Court has held that 18 U.S.C. § 3585(b) prohibits double-crediting, i.e. awarding credit for presentence time already credited against another sentence. *Wilson*, 503 U.S. at 337. However, notwithstanding 18 U.S.C. § 3585(b),

> the Fifth and Seventh Circuits indicated that a petitioner was entitled to time spent in *presentence* State custody that was attributable to the federal offense even if the petitioner was given credit on his State sentence for that period of time. *See Kayfez v. Gasele*, 993 F.2d 1288, 1290 (7th Cir. 1993) (even though defendant received state credit for his presentence custody, the court found defendant was entitled to credit against his federal sentence for all his presentence incarceration because defendant's sentences were concurrent and crediting only the state sentence would not reduce defendant's actual imprisonment); *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971) (reasoning that even though the State gave petitioner credit for his presentence custody, petitioner did not receive a benefit because his State sentence expired before his federal sentence).

*Spor*, 2017 WL 1078188, at *5. BOP Program Statement 5880.28 attempts to codify the rules announced in *Kayfez* and *Willis*. *See Lemons v. Quintana*, No. 08–87 Erie, 2010 WL 4388066, at *9 n.12 (W.D. Pa. Oct. 29, 2010).

Pursuant to *Kayfez* and Program Statement 5880.28, the BOP may grant prior custody credit, even if it results in a double credit toward a state sentence, when three conditions are met:

> [(1)] the **non-federal and federal sentences are concurrent**, [(2)] the Raw EFT[5] of the non-federal term is greater than the Raw EFT of the federal term, and . . . [(3)] the non-federal Raw EFT, after application of the **qualified non-**

---

[5] "Raw EFT" refers to the "raw effective full term" of a sentence. *Spor*, 2017 WL 1078188, at *5. BOP Program Statement 5880.28 explains that,

> The Raw EFT for both a federal and non-federal sentence is determined by adding the total length of the sentence to be served to the beginning date of the sentence resulting in a full term date of sentence (**Raw EFT**) that does not include any time credit, e.g., presentence or prior custody time or good time.

Program Statement 5880.28 P. 1-14.

8

federal presentence time, is reduced to a date that is earlier than the federal Raw EFT....

Program Statement 5880.28, P. 1-22B through 1-22C.

Pursuant to *Willis* and Program Statement 5880.28, the BOP may grant prior custody credit when "[(1)] the federal and non-federal terms are concurrent[,] and [(2)] the Raw EFT of the non-federal term is equal to or less than Raw EFT of the federal sentence." *Id.* P. 1-22.

B.  Claim One

In Claim One, Frazier states that he "believes he is entitled to presentence credit pursuant to the limited exceptions outlined in BOP's statement 5880.28 and pursuant to decisions held in *Willis v. U.S.*[,] 438 F.2d 923 (5th Cir. 1971) and *Kayfez v. Casele*, 993 F.2d 1288 (7th Cir. 1993)." (§ 2241 Pet. 6.) Frazier asserts that he "satisfies all three requirements" and should be awarded presentence credit.[6] (Mem. Supp. § 2241 Pet. 3, ECF No. 2.) Specifically, Frazier alleges that he "is entitled to pre-sentence credit towards his federal sentence for the period[] of January 4, 2005 to May 14, 2007, time in which he spent in pre-sentencing custody." (ECF No. 10, at 1.) In his Renewed Motion for Summary Judgment, Respondent asserts that Frazier is not entitled to *Kayfez* or *Willis* credit because he was not in presentence custody during the alleged timeframe, and because his federal sentence was not run concurrent with his state sentence. (Mem. Supp. Renewed Mot. Summ. J. 9, ECF No. 29.)

Frazier does not qualify for *Kayfez* and *Willis* credits because he was not in presentence custody from January 4, 2005 to May 14, 2007. Rather, when Frazier was arrested on January 4, 2005, he was on parole in connection with his 2003 Pennsylvania Sentence. *See Samson v. California*, 547 U.S. 843, 850 (2006) ("[P]arole is an established variation on imprisonment of

---

[6] The Court notes that it is unclear throughout Frazier's submissions whether he intends to refer to *Kayfez* or *Willis* credit. However, as explained herein, because a defendant may only qualify for either *Kayfez* or *Willis* credit if he is in presentence custody, the Court considers Frazier to argue he qualifies for both *Kayfez* and *Willis* credit.

9

convicted criminals." (quoting *Morrissey v. Brewer*, 408 U.S. 471, 477 (1972))). Thereafter, Frazier's parole was revoked on May 24, 2005 and he received custody credit towards his 2003 Pennsylvania Sentence back to January 4, 2005. (Williams Decl. Attach 5, at 1.) Then, on May 14, 2007, Frazier pled guilty in the Philadelphia Court of Common Pleas to robbery inflicting serious bodily injury and was sentenced to 5–10 years of imprisonment. (*Id.* ¶ 12; *id.* Attach. 3, at 1.) The Pennsylvania court ordered that Frazier's 2007 Pennsylvania Sentence run concurrent with "any state or federal sentence serving." (*Id.* Attach. 3, at 1.) Pennsylvania authorities credited Frazier's 2007 Pennsylvania Sentence with time beginning on January 7, 2005. (*Id.* Attach. 3, at 1.) Therefore, during the time he was in Pennsylvania custody from January 4, 2005 to May 14, 2007, Frazier was receiving custody credit for his 2003 Pennsylvania Sentence and was not in presentence custody awaiting the final disposition of what eventually became his 2007 Pennsylvania sentence. Further, during the time he was in Pennsylvania custody from January 7, 2005 to May 14, 2007, Frazier was receiving custody credit toward both his 2003 and 2007 Pennsylvania Sentences. Frazier was not in presentence custody from January 4, 2005 to May 14, 2007 and therefore is ineligible for *Kayfez* or *Willis* credit.[7] Accordingly, his Claim One will be DISMISSED.

---

[7] Frazier argues throughout his various filings that, under Pennsylvania law, the time he spent in state custody from January 4, 2005 to May 14, 2007 was considered presentence custody. (ECF No. 30, at 3; ECF No. 23, at 2) Specifically, Frazier argues that as explained in *Young v. Com. Bd. of Prob. & Parole*, 370 A.2d 813, 814 (Pa. Commw. Ct. 1977), "[u]nder Pennsylvania law, it [is] mandated that where a parolee [is] convicted and sentenced to imprisonment for a crime committed while on parole, and is recommitted by the board as a parole violator, the remainder of his original sentence and new sentence must be served consecutive[ly]." (ECF No. 23, at 3.) Frazier further argues that he "did not become available to the Pennsylvania Board of Parole until his new criminal charges were disposed of, which was May 14, 2007, and all presentence custody time credit is awarded to the new criminal conviction." (*Id.*) Frazier is incorrect. It appears that the rule in *Young* also required that "[i]f a new sentence is imposed upon (a convicted parole violator) the service of the balance of said term originally imposed shall precede the commencement of the new term . . . ." *Young*, 370 A.2d at 815 (quoting 61 Pa. Stat. § 331.21a, *repealed by* P.L. 147, No. 33 § 11(b)). Therefore,

C.   Claim Two

In Claim Two, Frazier states, "Petitioner object[s] to there being a requirement outlined in BOP's Program Statement 5880.28 which requires both sentencing Court's []non[-]federal and federal to order concurrent sentencing for [an] inmate to be awarded presentence credit under BOP's Program Statement 5880.28 policy."[8] (§ 2241 Pet. 7.) Specifically, Frazier argues that

> Program Statement 5880.28 . . . provides directions and requirements on how to apply this [*Kayfez* and *Willis*] policy. In no portion of this policy is there expressed such a requirement. Precisely it gives directions on how to apply and award what is known as Kayfez credit toward a sentence when the non-federal sentence is made concurrent to the federal sentence.[] And there are also directions given when the federal sentence is made concurrent to the non-federal sentence. . . .

(Mem. Supp. § 2241 Pet. 3.) The Court construes Frazier to raise a challenge to the BOP's authority to promulgate Program Statement 5880.28. However, the Court must consider Frazier's ability to bring this claim before it can reach its merits.

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. Though "several doctrines . . . have grown up to elaborate [the cases and controversies] requirement," the one "that requires a litigant to have 'standing' . . . is perhaps the most important." *Allen v. Wright*, 468 U.S. 737, 750 (1984).[9] The standing doctrine's purpose "is to ensure that the plaintiff has a sufficient personal stake in the outcome of a dispute to render judicial resolution of it appropriate." *Friends for Ferrell*

---

when Frazier was re-arrested on January 4, 2005, he appropriately received credit towards his 2003 Pennsylvania Sentence. Moreover, it appears that the statute relied on in *Young* is no longer good law in Pennsylvania. *See* 61 Pa. Stat. § 331.21a, *repealed* by P.L. 147, No. 33 § 11(b).

[8] The Court notes that in his various filings, Frazier offers little argument on his Claim Two and instead devotes his arguments to Claims One, Three, and Four.

[9] In *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014), the Supreme Court abrogated *Allen* on other grounds. *See Lexmark Int'l Inc.*, 134 S. Ct. at 1388.

11

*Parkway, LLC v. Stasko*, 282 F.3d 315, 319 (4th Cir. 2002) (citation omitted). The requirement of standing has three elements:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks, citations, and alterations omitted). As the Supreme Court has "emphasized repeatedly," an injury in fact "must be concrete in both a qualitative and temporal sense. The complainant must allege an injury to himself that is distinct and palpable, as opposed to merely [a]bstract." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (alteration in original) (internal citations and quotations omitted). The party invoking federal jurisdiction—here, Frazier—"bears the burden of establishing these [standing] elements." *Lujan*, 504 U.S. at 561 (citation omitted).

Frazier lacks standing to challenge the BOP's authority to promulgate Program Statement 5880.28 because he does not meet the threshold requirement that he has suffered an injury in fact. Essentially, Frazier argues that his injury in fact is that he has been denied *Kayfez* and *Willis* credits by the BOP. However, as explained above, Frazier does not qualify for *Kayfez* and/or *Willis* credit because he was not in presentence custody when he was in the custody of the Pennsylvania Department of Corrections from January 4, 2005 to May 14, 2007. Therefore, Frazier does not suffer from an injury in fact; his injury that he is being denied *Kayfez* and *Willis* credits is only hypothetical because he does not meet the baseline requirement for such credit.[10]

---

[10] For similar reasons, Frazier likewise does not meet Article III's standing requirements that there is a causal connection between his injury and the BOP's conduct, and that his injury will be redressed by a favorable decision. Specifically, because he does not meet the

Accordingly, he lacks standing to challenge the BOP's authority to promulgate Program Statement 5880.28 and Claim Two will be DISMISSED.

### 3. Claim Three

In Claim Three, Frazier alleges that he has been denied equal protection of the law under the Fifth Amendment. (§ 2241 Pet. 7.) Specifically, Frazier contends that a similarly situated inmate received *Willis* credits which the BOP is now improperly denying him. (*See id.*) Frazier has submitted as an exhibit an administrative appeal received by this other inmate ("inmate Wilson"), wherein the BOP explains that it granted inmate Wilson *Willis* credit because his "state sentences were running concurrently to the federal sentence" even though his federal sentence was silent as to whether it should run concurrent with his North Carolina sentence(s). (Mem. Supp. § 2241 Pet. Ex. E at 1–2, ECF No. 2–5.)

A review of the administrative appeal details the facts underlying the grant of *Willis* credit to Inmate Wilson as follows:

> A review of your record reveals on January 9, 2004, you were arrested in Burke County, North Carolina, in Case Nos. 04CRS290 and 04CRS2 91. While in the Burke County Jail, you were temporarily released to Lincoln County, North Carolina, for pending Case Nos. 04CRS508 01, 04CRS50802, 04CRS5803 and 04CRS50804. On April 5, 2004, the Lincolnton Police Department returned you back to Burke County Jail.
> On May 27, 2004, while in state custody, you were "borrowed" pursuant to a federal Writ of Habeas Corpus ad Prosequendum from the Burke County Jail. On June 8, 2005, Case Numbers 04CRS290 and 04CRS291 were dismissed in Burke County and you became an exclusive federal inmate.
> Records reflect on March 1, 2006, you were sentenced in the United States District Court, Western District of North Carolina, to a 171-month total term of imprisonment, Case No. 1:04CR48–2, for Robbery Affecting Interstate Commerce and Possession of a Firearm During and in Relation to a Crime of Violence. This sentence was silent regarding its relationship to the pending local cases in North Carolina.

---

preliminary, presentence custody requirement for *Kayfez* and *Willis* consideration, the BOP did not cause his injury by denying him such credit. Further, this Court is unable to redress his injury with a favorable decision because he does not meet the requirements for *Kayfez* and/or *Willis* credits.

13

> On June 9, 2006, you were sentenced in the Lincoln County Superior Court to a 77-month to 102-month term of confinement in Case No. 04CRS50804, and to a consecutive 29-month to 44-month term of confinement in Case No. 04CRS50801 (04CRS50802 and 04CRS50803 were merged). Additionally, the Court ordered you to receive 799 days of presentence credit from April 2, 2004, through June 9, 2006. The state commenced your sentence on June 9, 2006, running concurrently to the federal term. On December 21, 2011, the sentence for Case No. 04CRS50804 was completed and the consecutive term for Case No. 04CRS50801 was completed on November 30, 2014.

(Mem. Supp. § 2241 Pet. Ex. E at 1.)

The Equal Protection Clause of the Fifth Amendment commands that similarly situated persons be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To prevail on such a claim, Frazier must demonstrate: (1) "that he has been treated differently from others with whom he is similarly situated"; and, (2) that the differing treatment resulted from intentional discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).

In his Renewed Motion for Summary Judgment, Respondent argues that "in Wilson's case, although he was initially in state custody when the federal government borrowed him for prosecution, the state relinquished primary jurisdiction and Wilson was in primary federal custody while the federal prosecution was pending." (Mem. Supp. Renewed Mot. Summ. J. 21.) Respondent therefore argues that Inmate Wilson was in presentence custody—the prerequisite requirement for *Willis* credit consideration—unlike Frazier. (*Id.* at 21–22.)

As repeatedly stated above, Frazier does not qualify for *Kayfez* and *Willis* credit because he was not in presentence custody prior to the imposition of his federal sentence. A review of Inmate Wilson's administrative appeal makes clear that Inmate Wilson received *Willis* credit for the time he spent in North Carolina custody prior to the dismissal of his state charges and pending the resolution of his federal criminal proceedings. Therefore, Frazier and inmate Wilson

14

are dissimilar because inmate Wilson was in presentence custody. That is, inmate Wilson was in custody of North Carolina authorities before the imposition of any sentence, unlike Frazier who was on parole for a state sentence when he was arrested. Because Frazier and Inmate Wilson are dissimilar with respect to their presentence custody, Frazier cannot prevail on his Fifth Amendment claim. Accordingly, Frazier's Claim Three will be DISMISSED.

4.      **Claim Four**

In Claim Four, Frazier diverts from his *Kayfez* and *Willis* argument. Instead, Frazier argues that he is entitled to custody credit from April 9, 2010 through December 5, 2011 because the BOP has improperly considered December 5, 2011 as the date he was paroled from his Pennsylvania Sentences to the U.S. Marshals, rather than April 9, 2010. (Mem. Supp. Mot. Supp. 2, ECF No. 19.) Frazier contends that "[b]ased on a document petitioner received from respondent in response to his petition, he discovered that he entered into the primary custody of the BOP on April 9, 2010, and has not been awarded time credit toward his federal sentence for this time." (*Id.* (internal citation omitted).) Frazier asserts that a letter from the BOP to his sentencing judge proves that he entered into BOP custody on April 9, 2010. The letter, submitted as an exhibit by the Respondent with his first motion for summary judgment, states:

> On May 14, 2007, Mr. Frazier was sentenced by the Commonwealth of Pennsylvania, to a term of 5 to 10 years of imprisonment for Robbery and Inflicting Serious Bodily Injury. On April 9, 2010 Mr. Frazier was paroled from his Pennsylvania sentence, and is in the custody of the U.S. Marshals Service, pending designation for commencement of his federal sentence as provided by Title 18 U.S.C. § 3585(a).

(Williams Decl. Attach. 7 at 2 (as paginated by CM/ECF), ECF No. 7–8.) In his Renewed Motion for Summary Judgment, Respondent explains that this letter was written "based on documents received from the Pennsylvania Department of Corrections. However, when Pennsylvania later conducted an audit they discovered they had incorrectly computed the

15

sentence and corrected their sentence computation to reflect a release date of December 5, 2011." (Mem. Supp. Renewed Mot. Summ. J. 23 (internal citations omitted); Giddings Decl. ¶ 11.)

Frazier is incorrect that he "entered into the primary custody of the BOP on April 9, 2010." (Mem. Supp. Mot. Supp. 2.) The evidence before the Court establishes that, contrary to this single letter, Frazier was paroled to the U.S. Marshals Service on December 5, 2011 and not April 9, 2010. (*See* Williams Decl. ¶ 13; *id.* Attach. 4, at 3; *id.* Attach. 5; Giddings Decl. ¶¶ 11–12.) This evidence includes: two declarations from BOP employees who "audited the sentence computation" for Frazier (Williams Decl. ¶ 2; Giddings Decl. ¶ 2); a print-out from the U.S. Marshals Service Prisoner Tracking System (Williams Decl. Attach. 2, at 2); a print-out detailing the BOP's Sentence Monitoring Computation Data (*Id.* Attach. 4, at 3); a print-out of Frazier's "Moves Report" from the Pennsylvania Department of Corrections (Giddings Decl. Attach. 1, at 2); and, a copy of the Pennsylvania Department of Corrections "ORDER TO RELEASE ON PAROLE/REPAROLE" that lists Frazier's "Actual Date of Release" as "12/5/11." (*Id.* Attach. 2, at 2.) Respondent's evidence is sufficient to establish that Frazier was paroled to the U.S. Marshals Service on December 5, 2011 for purposes of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986) (explaining that only a "scintilla of evidence" is not enough to defeat a motion for summary judgment). Therefore, Frazier's Claim Four will be DISMISSED.

## VI. CONCLUSION

For the foregoing reasons, Respondent's Renewed Motion for Summary Judgment (ECF No. 28) will be GRANTED. Because the Court will grant Respondent's Renewed Motion for Summary Judgment, Frazier's Motion for Summary Judgment (ECF No. 24) will be DENIED. Frazier's claims will be DISMISSED and the § 2241 Petition be DENIED.

The Clerk is DIRECTED to send a copy of the Memorandum Order to Frazier and counsel of record.

It is so ORDERED.

Date: 6/18/19
Richmond, Virginia

/s/ John A. Gibney, Jr.
United States District Judge